JACOB M. LE VINE, Appellant, v. EVA ROSENTHAL, Respondent.— This is an appeal from a decision and judgment herein dismissing the complaint of the plaintiff after a trial by the court. On the 18th of August, 1933, Ralph M. Cooper, as successor trustee under the last will and testament of John R. Adams, deceased, was the owner of 54 Trinity place, Albany, N. Y., and on that day Ralph M. Cooper and Clarence A. Blanchard, Jr., remainderman under the trust created by the will, leased to Clara Weinstein said premises. The lease provided that the landlords should make no repairs. The tenant had permission to make all repairs and improvements at her own expense. On the 12th of September, 1933, the plaintiff entered into a conditional sales contract with Weinstein for the installation of certain plumbing in said building and the contract was completed within two months from that date. The improvements were made without the consent or knowledge of Ralph M. Cooper as trustee, and without the consent of Clarence A. Blanchard, Jr., except that on one occasion while the plaintiff was installing said improvements said Clarence A. Blanchard, Jr., in the presence of plaintiff told Weinstein that he would not be responsible for any improvements. The conditional sales contract was made without the consent, assent or knowledge of either Ralph M. Cooper or Clarence A. Blanchard, Jr. On October 1, 1933, Ralph M. Cooper, as trustee, executed and delivered to Clarence A. Blanchard, Jr., a deed of said property. On the 11th of July, 1934, plaintiff filed a conditional sales contract. Said contract contained no statement signed by the seller stating the goods were to be affixed to the realty. Said improvements were affixed to the realty and became a part thereof, but to be severable without material injury to the real estate. Upon the 11th of November, 1936, said Clarence A. Blanchard, Jr., entered into a contract of sale for the property with Jacob Rosenthal, the husband of the defendant. The defendant prior to January 5, 1937, was informed by plaintiff of his alleged claim. On January 5, 1937, the defendant became the owner in fee of the premises. The conditional sales contract dated September 12, 1933, was void as against the owner of the premises on September 12, 1933, and being void as against the owner was void as to the defendant. (See last paragraph of section 67 of the Personal Property Law.) Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

MIKE MOROZ, Appellant, v. ANNA MOROZ, Respondent.— Appeal from an order of the Special Term, granting motion to transfer the place of trial from the county of Sullivan to the county of New York. The papers indicate that the defendant, if afforded opportunity, may succeed in the action. She is without means, and earning her own livelihood in New York city. The ends of justice will be served by the transfer. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.